IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDALL DAVID DUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1432-NJR |
| | ) | |
| USA, STACI M. YANDLE, ERIC WILLIAMS, ASSOCIATE WARDEN CHEEKS, ASSOCIATE WARDEN SANTIAGO, E. GORE, LIEUTENANT PHILLIPS, MATTHEW R. HOFFMAN, BRIAN D. BAILEY, ROBERT T. DAWSON, JOSEPH F. BATAILLON, LAURIE SMITH CAMP, THOMAS D. THALKEN, JOHN M. GERRARD, F.A. GOSSETT, RICHARD G. KOPH, DENISE M. LUCKS, MICHAEL E. GANS, LAVENSKI R. SMITH, JAMES B. LOKEN, JOHN R. TUNHEIM, DANIEL HOVLAND, D. PRICE MARSHALL, STEPHANIE ROSE, and ROBERT F. ROSSITER, JR., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case was opened upon receipt of an "Independent Hazel-Atlas Civil Action" ("Complaint") filed pursuant to 28 U.S.C. § 1331 by Plaintiff Randall David Due (Doc. 1). Due is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois. This is his third such *Hazel-Atlas* action in this court to challenge the constitutionality of his conviction for

1

filing false liens and encumbrances. *See United States v. Due*, Case No. 12-cr-344-002 (Neb. 2012) ("Criminal Case"). The other two cases were dismissed for lack of subject matter jurisdiction. *See Due v. USA, et al.*, Case No. 21-cv-1074-JPG (S.D. Ill. Oct. 26, 2021) (Doc. 9); *Due v. USA, et al.*, Case No. 21-cv-1160-JPG (S.D. Ill. Oct. 26, 2021) (Doc. 7). In Due's previous cases, he maintained that his conviction in his criminal case was void because it was procured though fraud upon the court. He sought release from custody, and the Court construed it as an attempt at a successive attack on his conviction and sentence without first obtaining the necessary authorization. Both cases were dismissed with warnings to refrain from filing duplicative and/or redundant filings. *See* Case No. 21-cv-1074-JPG (Doc. 9, p. 4); Case No. 21-cv-1160 (Doc. 7, p. 4).

In his Complaint, Due attempts to distinguish his current case from his earlier cases by providing a "Notice" stating that he is not challenging his conviction or sentence (Doc. 1, p. 1). But his Complaint again attacks his previous criminal conviction, arguing that it was obtained through fraud (*Id*. at p. 6). He argues that Judge Robert T. Dawson denied his Fifth Amendment rights multiple times during his trial and conspired with U.S. Attorneys on the jury instructions to remove the essential elements from the indictment (*Id*.). As a result, he argues that the jury was not informed that the liens at issue in the trial had to be found to be "false beyond a reasonable doubt" in order to find Due guilty (*Id*.). He further identifies other fraudulent jury instructions which he argues led to his conviction (*Id*.). He also raises issues with the arrest warrant, argues an actual innocence claim, and argues that the prosecution failed to prove their case (*Id*. at p. 7-8).

Due argues that, as a result of these improprieties and "frauds" upon the court, his judgment and sentence should be declared null and void (*Id*. at p. 9).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Simply put, Due's current Complaint suffers from the same defects as his previously filed cases which again dooms his case. Although he specifically tries to avoid the same fate as his other two cases by notifying the Court that he is not attacking his sentence or conviction, the allegations in the Complaint clearly attack his sentence and conviction. As in his other cases, Due seeks release from custody based on a fraudulently procured criminal conviction. Thus, he should have pursued relief in a direct appeal, collateral attack, and/or a habeas action. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (If a federal prisoner requests "what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation," then he should file a petition for writ of habeas corpus.). Judge Gilbert previously documented Due's pursual of various avenues of relief. *See* Case No. 21-cv-1074-JPG (Doc. 9, p. 3); Case No. 21-cv-1160-JPG (Doc. 7, pp. 2-3). *See also United States v. Due*, Case No. 12-cr-344-002 (Neb. 2012); *Due v. Saad*, Case No. 18-cv-29-GMG (N.D.W.V.) (First Section 2241 Petition); *Due v.*

*Werlich*, Case No. 19-cv-1340-NJR (S.D. Ill.) (Second Section 2241 Petition); *Due v. Williams*, Case No. 20-cv-603-SMY (S.D. Ill.) (Third Section 2241 Petition). In each one, he challenged his conviction and sentence on the same or similar grounds as his current action. He also challenged his conviction under 28 U.S.C. § 2255. *See Due v. United States*, Case No. 21-cv-00218-RFR (D. Neb.) (First Section 2255 Motion); *Due v. United States*, Case No. 21-cv-868-SMY (S.D. Ill.) (Second Section 2255 Motion). He also filed the two *Hazel-Atlas* actions in this court.

In this case, Due again invokes *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), in which the United States Supreme Court held that federal courts possess inherent authority to vacate a judgment obtained by fraud on the court. While the district court does possess such power, it is constrained by 28 U.S.C. § 2244(b)(3). Section 2244(b)(3) requires an applicant seeking relief in a second or successive motion to vacate, set aside, or correct sentence to obtain permission in the appropriate court of appeals before filing the second or successive motion. *United States v. McIntosh*, 373 F. App'x 597, 599 (7th Cir. 2010). Due has not obtained the necessary authorization from the court of appeals before bringing this successive attack on his conviction and sentence. This Court, thus, lacks subject matter jurisdiction. Accordingly, the action is **DISMISSED.** Due's motion for status (Doc. 10) is **DENIED as moot**.

Due was previously warned to refrain from further duplicative or redundant filings in this district. Continued failure to abide by this warning may result in sanctions.

Due is reminded that his obligation to pay the filing fee for this action was incurred at the time the action was filed, and he remains obligated to pay this fee. Because he is

indigent, the Motion for Leave to Proceed in forma pauperis (Doc. 2) is **GRANTED**, and he shall be responsible for a filing fee of $350.00. The payment of this fee will be addressed in a separate order.

The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 8, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**